UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCINE WELBORN, as
Representative of the Estate of
LOVELLE ANTONIO JORDAN,

    Plaintiff,

    v.

CHARLES TRUITT, Warden of The
Stateville Correctional Center, and
UNKNOWN JOE DOE CORRECTIONAL
OFFICERS,

    Defendants.

No. 24 CV 3165

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

    Lovelle Jordan was a prisoner at Stateville Correctional Center serving a 31-year sentence. He was housed in a special needs unit because he was paralyzed from the chest down and had limited mobility in his upper extremities. In April 2022, Jordan died by suicide while in custody. Plaintiff Francine Welborn, Jordan's mother and representative of his estate, brings constitutional, negligence, wrongful death, and survival claims against Stateville's warden, defendant Charles Truitt, and unknown correctional officers. Truitt moves to dismiss the claims against him.

I.     **Legal Standards**

    When reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court accepts all well-pled allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). "To survive a motion to dismiss, a plaintiff must plead 'only enough facts to

state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. Facts

Lovelle Jordan was a prisoner in the custody of the Illinois Department of Corrections at the Stateville Correctional Center serving a 31-year sentence. [9] ¶ 7.[1] Jordan was housed in a unit for his special needs as a paraplegic. [9] ¶ 8. He was paralyzed from the chest down, had limited mobility, and did not have full range of motion in his upper extremities. *Id.* On April 19, 2022, Jordan hung himself in his cell. [9] ¶ 9. Other detainees called for help, shouting "urgent warnings," but correctional officers did not timely respond. [9] ¶¶ 15, 23. Jordan was removed from his cell and transported to a medical center where he was pronounced dead. [9] ¶ 10. Defendant Charles Truitt was the Warden at Stateville at the time of Jordan's death. [9] ¶ 5. Plaintiff Francine Welborn, Jordan's mother and representative of his estate, brings 42 U.S.C. § 1983 claims for violations of Jordan's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. [9] ¶¶ 4, 12–19. She also brings negligence, wrongful death, and survival claims under Illinois law. [9] ¶¶ 20–34. Defendant Charles Truitt moves to dismiss. [19].

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [9] ¶ 1. The facts are taken from plaintiff's amended complaint, [9].

### III. Analysis

#### A.     42 U.S.C. § 1983 Claims

Welborn invokes the Fourth, Fifth, Eighth, and Fourteenth Amendments as grounds for her § 1983 claims. [9] ¶¶ 14–19. The theory underlying all the alleged constitutional violations is the same: defendants failed to properly screen or recognize Jordan's risk for suicide, to properly monitor him, and to respond to his needs or assist him when other inmates called for help. [9] ¶¶ 13, 15–17.

As a convicted prisoner, Jordan's rights regarding conditions of confinement arose under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) "[I]t is . . . settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Id.* The Fourth, Fifth, and Fourteenth Amendments do not apply here. The Fourth Amendment "governs [conditions of confinement during] the period of confinement between arrest without a warrant and the probable cause determination." *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013); *see Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). The Fourteenth Amendment's covers conditions of confinement for pretrial detainees. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). And the Fifth Amendment only limits the acts of the federal government, its agencies, and officers, not state actors like defendants. *See Conley v. United States*, 5 F.4th 781, 788 n.1 (7th Cir. 2021) (citing *Bolling v. Sharpe*, 347 U.S. 497, 498–500 (1954)). Welborn's § 1983 claims based on the Fourth, Fifth, and Fourteenth Amendments against

Truitt, and all other (unidentified and unserved correctional officer) defendants, are dismissed with prejudice.[2]

To state a claim under the Eighth Amendment for an inmate's suicide, a plaintiff must plausibly allege that a prison official was "cognizant of the significant likelihood that an inmate may imminently seek to take his own life and [] fail[ed] to take reasonable steps to prevent the inmate from performing this act." *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001); *Est. of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012).

The allegations here do not suggest that Truitt was subjectively aware that Jordan was at risk of suicide, and that Truitt knowingly or recklessly disregarded this risk. Welborn alleges that defendants failed to "adequately screen Lovelle Jordan for depression and/or suicidal ideation, [] fail[ed] to properly observe and monitor him, and fail[ed] to respond to his needs or assist him." [9] ¶ 13. But she does not allege that Truitt was involved in Jordan's intake or mental health evaluation, that he ever received any information that Jordan was at risk of suicide, that he was aware of any prior history of depression or suicide attempts, or that he had any direct contact or communication with Jordan. No facts "suggest that [Truitt] had been exposed to information concerning the risk and thus must have known about it." *See Sanville*, 266 F.3d at 737.

---

[2] While first dismissals are typically granted without prejudice, no amendments would establish that the Fourth, Fifth, or Fourteenth Amendments' protections apply here. "[D]ismissals without prior notice or opportunity to be heard are hazardous," but the defect here is "clearly incurable" as to all defendants. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013).

4

Welborn argues that her failure to plead detailed facts about Truitt's personal involvement is not grounds for dismissal at this stage. [22] at 5–7. She says this is particularly true because Jordan is deceased, and it would be unreasonable to expect more specific allegations until the parties have conducted discovery. [22] at 6–7.

A plaintiff can survive a motion to dismiss if they "make[] allegations that if true indicate a significant likelihood that someone employed by the prison system has inflicted cruel and unusual punishment on him, and if the circumstances are such as to make it infeasible for the prisoner to identify that someone before filing his complaint." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). While Welborn's allegations support that someone employed by the prison system inflicted cruel and unusual punishment on Jordan, these allegations only support that unnamed correctional officers were involved in this deprivation, but not Truitt as Stateville's warden.

Welborn's Eighth Amendment claim against defendant Charles Truitt is dismissed without prejudice.

B.   **State Law Claims**

Welborn brings negligence, wrongful death, and survival claims under Illinois law. [9] ¶¶ 20–34. Truitt moves to dismiss these claims for lack of jurisdiction. He argues that he is protected by sovereign immunity as a State of Illinois official and that only the Illinois Court of Claims has jurisdiction to hear Welborn's state claims. [19] at 7–8.

Under the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, the State of Illinois is immune from suit in any court, except as provided in the Illinois Court of

5

Claims Act, 705 ILCS 505/8, which permits state tort claims against the state to be brought in the Illinois Court of Claims.

A claim against individual officers is considered a claim against the state if "judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Fritz v. Johnston*, 209 Ill.2d 302, 310 (2004) (quotation omitted). A state employee's conduct is attributed to the state for purposes of sovereign immunity if (1) the employee did not act "beyond the scope of his authority through wrongful acts;" (2) the duty allegedly breached was "not owed to the public generally independent of the fact of State employment;" and (3) the allegedly wrongful acts "involve[d] matters ordinarily within that employee's normal and official functions of the State." *T.S. v. Cnty. of Cook, Ill.*, 67 F.4th 884, 892 (7th Cir. 2023) (quoting *Healy v. Vaupel*, 133 Ill.2d 295, 309 (1990)). "Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001).

As discussed above, Welborn has not alleged that Truitt acted in violation of constitutional law. As her constitutional claims against Truitt have been dismissed, the only theory remaining behind her state law claims is willful and wanton negligence. The exception to immunity for unconstitutional conduct does not apply. *See id.* at 442.

Truitt's alleged conduct is attributable to the state. Welborn does not allege that Truitt acted beyond the scope of his authority. "When the Illinois courts speak

6

of an act 'beyond the scope of authority,' they contemplate an employee acting not just in a wrongful manner, but sticking his nose in business where it doesn't belong." *Turpin v. Koropchak*, 567 F.3d 880, 883 (7th Cir. 2009). There are no allegations that Truitt acted for a purpose unrelated to his employment. "[T]he fact that the conduct was wilful and wanton does not take the conduct outside the defendant's scope of agency for purposes of sovereign immunity." *See Richman*, 270 F.3d at 442.

That said, "[w]hen the issue involved is the alleged negligence of a state employee, the mere fact that he was acting within the scope of his employment is not sufficient to make the state the real party in interest." *Loman v. Freeman*, 229 Ill.2d 104, 112–13 (2008). "The question to ask . . . is whether the defendant breached a duty owed by all citizens, or whether he breached a duty held uniquely by State employees holding the job at issue." *Turpin*, 567 F.3d at 883. Welborn's negligence, wrongful death, and survival claims are based entirely on Truitt's position as Jordan's custodian. The duty here was imposed on Truitt solely by virtue of his state employment. *See Turner v. Miller,* 301 F.3d 599, 602 (7th Cir. 2002) (holding "the relationship between [an inmate] and [prison officials] would not have had a source outside the employment status of the [prison officials], and whatever duty was owed by the [prison officials] to [the inmate] existed because of [the inmate's] status as a prisoner and his presence at Stateville Correctional Center.").

Truitt's alleged acts also did not fall outside the scope of his state-created duties and job functions. *See* [9] ¶¶ 22–23. The alleged breach arises from matters

7

ordinarily within the normal and official functions of Truitt's job as Stateville's warden.

Welborn's state law claims against Truitt may only be brought in the Court of Claims and are dismissed for lack of jurisdiction.

## IV. Conclusion

Defendant Truitt's motion to dismiss, [19] is granted. Welborn's 42 U.S.C. § 1983 claims based on the Fifth, Fourth, and Fourteenth Amendments are dismissed with prejudice as to all defendants. Welborn's 42 U.S.C. § 1983 claim based on the Eighth Amendment and state law claims are dismissed without prejudice as to defendant Truitt only. If Welborn does not file an amended complaint stating a plausible Eighth Amendment claim against Truitt by April 15, 2025, the dismissal against Truitt will convert to a dismissal with prejudice. And if Welborn has not named the John Doe defendants in the amended complaint, those defendants will be dismissed for lack of service of process and final judgment will be entered.

ENTER:

                                                  Manish S. Shah
                                                  United States District Judge

Date: March 25, 2025